GREEN ET AL., APPELLANTS, *v.* PARADISE PONTIAC, INC., APPELLEE.

(No. 48302—Decided December 24, 1984.)

*David Cleveland,* for appellants.
*Donald H. Switzer,* for appellee.

PRYATEL, P.J. David and Cora Green appeal the lower court order granting summary judgment in favor of defendant-appellee, Paradise Pontiac, Inc.[1]

The Greens purchased a new 1981 automobile from Paradise Pontiac with a small down payment. The $8,063.93 balance owed was financed through General Motors Acceptance Corporation. The total amount owed, including finance charges, was $10,772.64. The Greens also purchased credit life insurance from the Credit Life Insurance Company to cover the balance owed; this insurance cost $263.93. The failure to disclose the commission ($85.78) on this insurance premium, in substance, is the subject of this lawsuit.

The installment sales contract contained two references to the purchase of credit life insurance. The first reference is paragraph 1(c): "[C]ost of creditor insurance for the term hereof * * * [is] $263.93." Underneath this line, in bold type, are the statements: "Coverage of the buyer by any such insurance is not required by the seller. Buyer's approval: I desire to obtain the creditor insurance checked above for the buyer proposed for insurance." David Green checked the box for creditor life insurance and signed the line below the above-quoted statements. Near the end of the contract, the insurance company supplying the credit life insurance is named, and the amount covered ($10,772.64) is designated.

The Greens have not contested the fact that they requested such insurance. Nor have they denied that they received the desired coverage. Instead they complain that Paradise Pontiac sold this credit life insurance without disclosing that (1) less expensive coverage was available, and (2) it (Paradise Pontiac) received a commission for the sale of such insurance. At oral argument, counsel for appellants abandoned the claim that Paradise Pontiac should have disclosed the existence of less expensive coverage; thus, we have not addressed that issue. Nevertheless, the Greens claim that they were damaged in the amount of the difference between what they paid for the insurance and "the cost of comparable lower-priced coverage."

After discovery, Paradise Pontiac moved for summary judgment arguing that it had no duty to disclose its commission. Furthermore, the commission was actually paid to Hanna Insurance Agency (rather than Paradise Pontiac), although the officers of both corporations (Hanna Insurance Agency and Paradise Pontiac) are the same.[2] In their brief in opposition, appellants furnished no affidavits and relied upon the pleadings and answers to interrogatories.

Assignment of Error

"I. The trial court erred in granting defendant's motion for summary judgment."

In their complaint, appellants alleged that Paradise Pontiac violated

---

[1] This action was originally filed as a class action. However, the plaintiffs made only a preliminary motion to certify the action as a class action in which they stated that the final motion to certify would be made at a later time. That final motion was never made and the action was never certified as a class action. Nor is that issue a subject of this appeal.

[2] Appellants allege that Paradise Pontiac received a "secret" commission. Actually, no commission was paid to Paradise Pontiac; the payment went to Hanna Insurance Agency. Both corporations have the same officers; yet each is a separate and distinct corporation. This court will not address possible claims against Hanna Insurance Agency, if any exist, because that corporation was not named as a party in this lawsuit.

R.C. Chapter 1345 by failing to disclose the commission and "thus summary judgment was not appropriate."

Appellants have never revealed which section of R.C. Chapter 1345 was violated. Nor do we find anything in that chapter that requires disclosure of the amount of a commission. Appellants admit that they requested Paradise Pontiac to obtain coverage for them. In their brief, appellants further concede that the seller is entitled "to be paid for his efforts and to receive a commission." Appellants' only complaint is that they were not aware that Paradise Pontiac would receive a 32.5 percent commission.

R.C. Chapter 1345 prohibits deceptive trade practices. However, appellants do not allege that they were deceived by inaccurate or false information. Furthermore, David Green admitted in his deposition that he did not consider Paradise Pontiac to be his agent; hence no fiduciary duty existed.

Summary judgment will be granted when there is no issue as to any material fact and when the moving party is entitled to judgment as a matter of law. Civ. R. 56(C). Appellants concede that (1) they were not required by Paradise Pontiac to purchase creditor life insurance, (2) they requested such coverage, (3) they received the coverage, (4) the seller of such coverage was entitled to a commission, (5) they (appellants) could have obtained the coverage on their own,[3] and (6) Paradise Pontiac was not considered their (insurance) agent.

Based on the facts and admissions by the appellants, we conclude that appellee was entitled to summary judgment. We affirm.

*Judgment affirmed.*

___

[3] Appellant Cora Green was employed by General Accident Insurance Company.

ANN MCMANAMON and STILLMAN, JJ., concur.

STILLMAN, J., retired, of the Eighth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.